UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA ZANE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-635** |
| **ST. TAMMANY PARISH CORRECTIONAL FACILITY, ET AL.** | **SECTION: "I"(3)** |

### REPORT AND RECOMMENDATION

On March 31, 2025, while incarcerated at St. Tammany Jail, Jones filed this federal civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

Jones did not pay the filing fee or submit a pauper application with his complaint. On April 3, 2025, the Clerk of Court sent Jones a notice of this deficiency which required Jones to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.[2] The necessary pauper form was provided to Jones with the Notice of Deficiency.[3] The envelope mailed to Jones at his prison address of record has not been returned as undeliverable.

On May 5, 2025, when Jones did not respond to the deficiency notice, the Court issued an order for Jones to show cause by May 27, 2025, why his complaint should not be dismissed for failure to prosecute by his failure to pay the filing fee or submit a certified pauper application.[4] The Court warned Jones that "**FAILURE TO**

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 2-1.
[4] R. Doc. 3.

**COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED."**[5] The envelope mailed to Jones at his prison address of record has not been returned as undeliverable.

To date, Jones has not responded to the order, submitted a certified pauper application, or paid the filing fee. Jones's failure to comply with the orders to show cause clearly reflects a failure on his own part to prosecute.

In the light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because Jones is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, Jones was twice instructed to pay the required filing fee or submit an application to proceed as pauper. To date, the filing fee remains unpaid and no pauper application has been submitted. For these reasons, the Court is unable to advance Jones's claims

---

[5] *Id.* at 2.

on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 23rd day of June, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**